JOHN L. BURRIS, Esq. (SBN 69888)
DeWITT M. LACY, Esq. (SBN 258789)
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
T: (510) 839-5200
F: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiff
D'PARIS CHARLES WILLIAMS

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'PARIS CHARLES WILLIAMS, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN FRANCISCO, a municipal corporation; GREGORY SKAUG, individually and in his capacity as an officer for the SAN FRANCISCO Police Department; MILEN BANEGAS, individually and in his capacity as an officer for the SAN FRANCISCO Police Department; THEODORE POLOVINA, individually and in his capacity as an officer for the SAN FRANCISCO Police Department; DOES, 1-25, inclusive, individually and in their capacities as officers for the SAN FRANCISCO Police Department,<br><br>    Defendants. | Case No:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**[JURY TRIAL DEMANDED]** |

///

///

///

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code § 52.1 and § 51.7, and under the common law of California. This action is against the CITY OF SAN FRANCISCO, GREGORY SKAUG, MILEN BANEGAS, and THEODORE POLOVINA of the SAN FRANCISCO Police Department, and DOES 1-25.

2. It is also alleged that these violations and torts were committed due to the actions of the above mentioned officers of the SAN FRANCISCO Police Department.

## VENUE AND JURISDICTION

3. The unlawful acts and practices alleged herein occurred at or near the CITY OF SAN FRANCISCO, California, within the jurisdictional boundaries of this court. The damages sought are within the jurisdictional limits of this court.

## PARTIES

4. At all times mentioned herein, D'PARIS CHARLES WILLIAMS (hereinafter "Plaintiff") was and is a resident of the state of California, and a United States Citizen.

5. Defendant City of SAN FRANCISCO (hereinafter "CITY") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California. Under its authority, the CITY operates the CITY Police Department.

6. At all times mentioned herein, Defendant GREGORY SKAUG (hereinafter "SKAUG") is and at all times herein mentioned an officer of the CITY Police Department.

7. At all times mentioned herein, Defendant MILEN BANEGAS (hereinafter "BANEGAS") is and at all times herein mentioned an officer of the CITY Police Department.

8. At all times mentioned herein, Defendant THEODORE POLOVINA (hereinafter "POLOVINA") is and at all times herein mentioned an officer of the CITY Police Department.

PLAINTIFF'S 2ND AMENDED
COMPLAINT FOR DAMAGES
Case No.: 113-CV-239587

9. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

10. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

12. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## FACTUAL ALLEGATIONS

13. On November 15, 2013, at approximately 3:30 p.m., Plaintiff was returing home from the Make-A-Wish Foundation 'Batkid' event, in Downtown San Francisco. Plaintiff's home is located at 44 Maxwell Court, in San Francisco, California.

14. Immediately after Plaintiff began to walk into his house, he heard someone say 'come here.' After Plaintiff went in the front door and greeted his nephew, he turned to respond to the voice he had just heard. The Defendant plainclothes police officers, KRAUG, BANEGAS, and POLOVINA never identified themselves as police officers and were not

wearing uniforms or insignia to identify themselves as such.  However, Defendant KRAUG told Plaintiff that he needed to come outside of the house because he rode his bicycle on the sidewalk.  At this time Plaintiff recognized the Defendants as plainclothed CITY police officers, because of the dialogue and the noticeable bullet proof vests Defendants were wearing under their clothing.  Plaintiff apologized for riding his bicycle on the sidewalk, but the Defendant officers insisted that Plaintiff come outside of his house.

15. Plaintiff told the Defendant officers that they had no right to ask him to come outside of his house, but Defendant officers inexplicably reached into the house, Plaintiff and pulled him outside of the house.  Plaintiff held onto the doorframe and continued to tell the Defendant officers that their actions were illegal.  At all times herein mentioned, Plaintiff was unarmed and posed no threat to the officers or the public.

16. For no legally justified reason, the Defendant officers threw Plaintiff onto the ground, face down.  The Defendant officers punched Plaintiff in the ribcage and he began to yell out in pain. The Defendant officers punched Plaintiff in the face and in the back of his neck over five times, causing him to black out for a few seconds.  When Plaintiff gained consciousness, the Defendant officers were choking him.

17. Thereafter, the Defendant officers handcuffed Plaintiff and transported him to the Valencia Police Station.  Hours later, Plaintiff was taken to San Francisco General Hospital, where he remained handcuffed for over three hours.  Plaintiff's hands became numb and stiff due to the pressure from the handcuffs.  Plaintiff overheard officers laugh at him as he lay in pain, in the hospital bed.

18. Plaintiff was then transported to jail and booked for resisting arrest, resisting executive officer, assault with force, and riding bike on sidewalk.  Plaintiff spent threee days in jail. However, Plaintiff's charges were dropped pending investigation.  Plaintiff suffered from severe injuries to his face and was unable to eat for three days due to the pain and swelling of his face.  This egregious and excessive use of force was witnessed by and captured on video by numerous people.

_____
PLAINTIFF'S 2ND AMENDED
COMPLAINT FOR DAMAGES
Case No.: 113-CV-239587

19. Plaintiff is informed, believes and therein alleges that CITY knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

## DAMAGES

20. As a proximate result of Defendants' conduct, Plaintiff suffered substantial physical injuries from the officers' wrongful arrest and detention and use of excessive force. As a further proximate result of Defendants' conduct, Plaintiff incurred damages caused by the assault, and battery by Defendant officers and DOES 1-25.  Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

21. The conduct of defendants was malicious, wanton, and oppressive.  Plaintiff is therefore entitled to and aware of punitive damages against said defendants.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Violation of Fourth Amendment of the United States Constitution

(42 U.S.C. §1983)

(Against KRAUG, BANEGAS, POLOVINA, and DOES 1 to 10)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint.

23. Defendants' above-described conduct, wherein it is alleged that officers' detained Plaintiff far beyond the scope necessary and acceptable under law and without reasonable suspicion, violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (detention).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION

Violation of Fourth Amendment of the United States Constitution

_____
PLAINTIFF'S 2ND AMENDED
COMPLAINT FOR DAMAGES
Case No.: 113-CV-239587

(42 U.S.C. §1983)

(Against KRAUG, BANEGAS, POLOVINA, and DOES 1 to 10)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

25. Defendants' above-described conduct, wherein it is alleged that officers arrested Plaintiff without probable cause violating his rights as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (arrest).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

THIRD CAUSE OF ACTION

Violation of Fourth Amendment of the United States Constitution

(42 U.S.C. §1983)

(Against KRAUG, BANEGAS, POLOVINA, and DOES 1 to 10)

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

FOURTH CAUSE OF ACTION

(Violation of Fourth Amendment of the United States Constitution)

(*Monell* – 42 U.S.C. section 1983)

(Against CITY OF SAN FRANCISCO, and DOES 11 to 25)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that high-ranking CITY OF SAN FRANCISCO officials, including high-ranking police supervisors such as DOES 11

through 25, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant officers KRAUG, BANEGAS, POLOVINA and DOES 1-10, and/or each of them.

30. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant DOES 11-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

31. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant officers KRAUG, BANEGAS, POLOVINA and DOES 1-10 and/or each of them, encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

32. Plaintiff further alleges that Defendant DOES 11-25, and/or each of them, were on notice of the Constitutional defects in their training of CITY OF SAN FRANCISCO police officers, including, but not limited to unlawful arrests and detentions not based on probable cause.

33. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF SAN FRANCISCO officials, including high ranking CITY OF SAN FRANCISCO Police Department supervisors, Defendant DOES 11-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

PLAINTIFF'S 2ND AMENDED
COMPLAINT FOR DAMAGES
Case No.: 113-CV-239587

### FIFTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

(Against KRAUG, BANEGAS, POLOVINA, and DOES 1 to 10)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 of this Complaint.

35. Defendants' above-described conduct was extreme, unreasonable and outrageous.

36. In engaging in the above-described conduct, defendant intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of defendants conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION

(Violation of Plaintiff's Right To Enjoy Civil Rights)

(Violation of CALIFORNIA CIVIL CODE §52.1)

(Against KRAUG, BANEGAS, POLOVINA, and DOES 1 to 10)

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint.

38. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION

(Violation of State Statutory Rights)

(Violation of California Civil Code §51.7)

(Against KRAUG, BANEGAS, POLOVINA, and DOES 1 to 10)

_____

PLAINTIFF'S 2ND AMENDED
COMPLAINT FOR DAMAGES
Case No.: 113-CV-239587

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of the Complaint.

40. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants KRAUG, BANEGAS, POLOVINA and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against Plaintiff. Plaintiff is and was readily recognizable as African-American. In addition, one or more of the Defendants used race as a criteria for determining that it was necessary to detain, harass, and beat Plaintiff while he entered his home. Defendants violated Plaintiff's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

41. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

42. As a proximate result of Defendants' wrongful conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

(Assault And Battery)

(Against KRAUG, BANEGAS, POLOVINA, and DOES 1 to 10)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 of this Complaint.

44. Defendants' above-described conduct constituted assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

(Negligence)

(Against KRAUG, BANEGAS, POLOVINA, and DOES 1 to 10)

45. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

46. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1 to 25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, KRAUG, BANEGAS, POLOVINA, and Defendant DOES 1 to 25 were acting within the course and scope of their employment and/or agency with Defendants CITY. As such Defendants CITY are liable in *respondeat superior* for the injuries caused by the acts and omissions of KRAUG, BANEGAS, POLOVINA, and DOES 1 to 25 pursuant to section 815.2 of the California Government Code.

47. CITY, KRAUG, BANEGAS, POLOVINA, and DOES 1 to 25 negligently and without due care, and without cause or provocation struck Plaintiff. The striking of Plaintiff was unjustified as there were no facts or circumstances which warranted the use of any force at the time.

48. The striking of Plaintiff occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

**DEMAND FOR PUNITIVE DAMAGES**

49. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully alleged here.

50. Defendants' above-described statements and actions were at all times engaged in with malice, oppression or fraud, particularly when they struck D'PARIS CHARLES WILLIAMS with the intention of causing injury to him or with reckless disregard for the possibility that they would injure him.

_____
PLAINTIFF'S 2ND AMENDED
COMPLAINT FOR DAMAGES
Case No.: 113-CV-239587

51. Defendants' intentional or reckless use of force of a defenseless citizen who was cooperating with officers was despicable and warrants punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For punitive damages, according to proof;
4. For violation of California Civil Code Sections 52.1, statutory damages, and reasonable attorney's fees;
5. For violation of California Civil Code Section 52(b), punitive damages against Defendant agents and/or officers, $25,000.00 for each offense and reasonable attorney's fees;
6. For statutory damages, according to proof;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  December 23, 2014                **THE LAW OFFICES OF JOHN L. BURRIS**

                                               _/s/ DeWitt M. Lacy_____
                                               DeWitt M. Lacy
                                               Attorney(s) for Plaintiffs

_____
PLAINTIFF'S 2ND AMENDED
COMPLAINT FOR DAMAGES
Case No.: 113-CV-239587